FORBRO DESIGN CORPORATION

v.

RAYTHEON COMPANY.

Civ. A. No. 69–343–F.

United States District Court,
D. Massachusetts.

Jan. 21, 1971.

John W. Ericson, David A. Rich, Boston, Mass., Joseph R. McPhee, Jr., Garden City, N. Y., for plaintiff.

Henry C. Nields, Russell & Nields, Boston, Mass., for defendant.

## MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

FORD, District Judge.

Defendant in this patent infringement suit moves for summary judgment on the ground that the patent in suit, U. S. Patent No. 3,028,538, is unenforceable under 35 U.S.C. § 135.

On October 15, 1962, Interference No. 93090 was declared by the U. S. Patent Office between plaintiff's patent and a pending application of Hewlett-Packard Co. The parties held numerous meetings to discuss possible settlement. During the course of these discussions, the parties entered into a broad cross-license agreement covering numerous patents owned by both Forbro and Hewlett-Packard. This agreement was executed in March, 1963. There were suggestions from Hewlett-Packard at that time that the interference should be settled simultaneously. Forbro did not agree, and the interference continued, with further negotiations, and finally a trial and a decision by the Patent Office terminating the interference on December 2, 1965. At no time was any copy of the cross-license agreement filed in the Patent Office.

Section 135 requires that a copy of any "agreement or understanding between parties to an interference [proceeding] made in connection with or in contemplation of the termination of the [interference]" shall be filed in the Patent Office, and further provides that failure to file the copy of such agreement within the time allowed shall render permanently unenforceable any patent, of such parties, involved in the interference.

Defendant here contends that under this section, the failure to file a copy of the cross-licensing agreement renders the patent in suit unenforceable. The question at issue is whether the cross-licensing agreement was, in fact, made in connection with or in contemplation of the termination of the interference. Plaintiff here contends, among other arguments, that, as set forth in its affidavit, the cross-licensing agreement was related to the interference only by the coincidental fact that it was made while the parties were discussing the interference proceeding, and that, on the part at least of Forbro, there was no intention that the two matters should be in any way connected. This contention clearly raises questions of material fact which must be resolved before the Court can pass on the question of whether the cross-licensing agreement was one which fell within the terms of Section 135, and the issue is not one which can be appropriately disposed of on summary judgment.

Defendant's motion for summary judgment is denied.